## Earley, Appellant *v.* Philadelphia.

*Negligence—Municipalities—Caving in of street—Independent contractor.*

In an action against a city to recover damages for personal injuries resulting from the caving in of a street, where there is evidence that the street at the time of the accident was in the control of an independent contractor, it is proper for the court to submit to the jury the question whether the city or the contractor had failed in the performance of a duty to the plaintiff, and if the jury find for the city, their verdict and the judgment thereon will not be reversed by the appellate court.

Argued Jan. 16, 1912. Appeal No. 139, Jan. T., 1911, by plaintiff from judgment of C. P. No. 3, Phila. Co., Sept. T., 1900, No. 348, on verdict for defendant in case of Patrick Earley v. Philadelphia. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FERGUSON, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various instructions.

*Augustus Trask Ashton,* with him *Victor Frey,* for appellants.

*W. C. Wilson,* assistant city solicitor, with him *Michael J. Ryan,* city solicitor, for appellee.

PER CURIAM, February 19, 1912:

As the appellant was driving over one of the streets of the city of Philadelphia it caved in, and the wagon in which he was seated fell into the excavation to a depth of eight or ten feet. For the injuries sustained he brought this action, which resulted in a verdict for the defendant. Whether the caving in of the street was due to the negligence of the city or to that of an independent contractor was submitted to the jury as a question of fact for them, the instructions being that, if they should find that the city was not in control of the street at the time of the accident, there could be no recovery, but that, on the other hand, if it was in control and had failed in the performance of a duty to keep the street safe for travel, it would be liable to the plaintiff. The court could not have instructed the jury that the relation between M. & J. B. McHugh and the city was merely that of master and servant. After a review of all the evidence in the case, we have not been persuaded that any of the assignments of error call for a reversal of the judgment, and it is, therefore, affirmed.